# EXHIBIT "B"

Case 1:21-cv-03712-AT   Document 1-2   Filed 09/07/21   Page 2 of 9   e-Filed 7/23/2021 3:47 PM
2021CV01671

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Deanna Riggins

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **BRITTANY STEWART AND JESSICA FOSTER**  <br><br>**Plaintiff,**<br><br>vs.<br><br>**GABRIEL DIOTTE, TRANSBY INC., INTACT SERVICES USA LLC D/B/A ONE BEACON SERVICES, LLC, XYZ CORPORATION 1-2, AND JOHN DOES 1-2,**<br><br>**Defendants.** | **CIVIL ACTION FILE**<br><br>NO. _____2021CV01671_____<br><br>**(SERVED WITH DISCOVERY)**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiffs Brittany Stewart and Jessica Foster (hereinafter referred to as "Plaintiffs") in the above-styled action, by and through undersigned counsel, and file this Complaint against Defendants Gabriel Diotte, Transby Inc., Intact Services USA LLC D/B/A One Beacon Services, LLC, XYZ Corporations 1-2, and John Doe 1-2, showing this Court Honorable as follows:

PARTIES, JURISDICTION, & VENUE

1.

At all times relevant hereto, Defendant Gabriel Diotte (hereinafter referred to as "Defendant Diotte") is a "non-resident motorist" as that term is defined under O.C.G.A. § 40-12-1, et seq., and, therefore, may be served with summons and process per a Hague Service Request pursuant to a USM-94, Request for Service Abroad of Judicial or Extrajudicial Documents. Jurisdiction and venue are appropriate in this Court as to Defendant as the accident caused by Defendant occurred in Clayton County, Georgia.

Copy from re:SearchGA

2.

Defendant Transby, Inc. ("Defendant Transby") is a foreign Canadian based company authorized to conduct business in the State of Georgia and is subject to the jurisdiction of this Court. Being a foreign corporation with no confirmed registered agent nor principal place of business located in the United Stated, Transby may be served with summons and process per a Hague Service Request pursuant to a USM-94, Request for Service Abroad of Judicial or Extrajudicial Documents. Jurisdiction and venue are appropriate in this Court as to Defendant Transby.

3.

At the time of the subject collision, Intact Services USA LLC D/B/A One Beacon Services, LLC ("Defendant Insurance") provided coverage liability insurance under policy number 67362. Said policy was in effect on August 5, 2019. Defendant Insurance is subject to suit by direct action pursuant to the provisions of O.C.G.A. §§ 40-1-112 and 40-2-140. Service may be made upon Defendant Insurance's registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Jurisdiction and venue are appropriate in this Court as to Defendant Insurance.

4.

Should it be determined that another corporation or entity owned, operated, and/or controlled said premises at the time of the subject incident, Plaintiff hereby names Defendants XYZ CORPORATION 1-3. The identity of Defendants XYZ CORPORATION 1-3 is presently unknown.

Copy from re:SearchGA

5.

Should it be determined that another person was the at fault party, Plaintiffs hereby name Defendants John Doe 1-2. The identity of Defendants John Doe 1-3 is presently unknown. The insurance company of John Doe 1-2's vehicle is unknown. Venue is appropriate in this Court. The insurance company of John Doe 1-2's vehicle is unknown and therefore, Plaintiffs' uninsured motorist insurance, Travelers Property Casualty Insurance Company, may be served with summons and process on behalf of John Doe 1-2 by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, and is subject to the jurisdiction of this Court. Venue is appropriate in this Court.

FACTS

6.

On or about August 5, 2019, Plaintiffs were traveling southbound on State Route 85, near Point South Parkway in Jonesboro, Georgia, when they were suddenly struck by Defendant Diotte's vehicle.

7.

At the same time and place, Defendant Diotte was traveling southbound on State Route 85 near Point South Parkway, when he improperly switched lanes and struck Plaintiffs' vehicle. The force of the impact caused injuries to Plaintiffs.

8.

At the time and place of the subject collision, Defendant Diotte was operating the 2012 Freightliner Conv Coronado 132, on behalf Transby, Inc. and under the scope of Transby Inc's employment.

Copy from re:SearchGA

9.

As a direct and proximate result of Defendant Diotte's and Transby, Inc's negligence, Plaintiffs have incurred special damages which include but may not be limited to past and future medical expenses, lost wages, loss of income, mileage, and other miscellaneous expenses. Specifically, Plaintiff Jessica Foster has incurred approximately $6,552.80 in medical expenses to date. Plaintiff Brittany Stewart has incurred approximately $53,131.72 in medical expenses to date.

10.

As a direct and proximate result of Defendant Doitte's and Transby Inc's negligence, Plaintiffs have incurred general damages, including pain and suffering, loss of ability to labor, mental anguish, and emotional distress.

NEGLIGENCE OF DEFENDANT DOITTE

11.

Defendant Doitte negligently caused the subject collision when he negligently switched lanes and collided into Plaintiffs' vehicle, which resulted in physical injuries to Plaintiffs and property damage to Plaintiffs' vehicle.

12.

Defendant Doitte's negligent acts and/or omissions include, but are not limited to, the following:

(A) Operating a motor vehicle recklessly and without due and proper regard for the safety of persons or property in violation of O.C.G.A. § 40-6-390, which is negligence per se;

(B) Operating a vehicle in violation of O.C.G.A. § 40-6-241 by failing to exercise due care in the operation of the vehicle;

(C) Negligently changing lanes without a signal of intention of O.C.G.A. § 40-6-123;

Copy from re:SearchGA

(D)     With knowledge of the conditions present, failing to exercise ordinary care by not keeping attention on the roadway and by not keeping the vehicle under control so as to stop or take evasive maneuvers to avoid the collision.

13.

Defendant's negligence and violation of Georgia's motor vehicle laws constituted negligence as a matter of law and negligence *per se*, including but not limited to, O.C.G.A. § 40-6-391 and O.C.G.A. § 40-6-123.

## VICARIOUS LIABILITY OF TRANSBY, INC.

14.

Plaintiffs incorporate by reference, paragraphs 1 through 13 of their Complaint as if re-stated herein.

15.

Transby, Inc. is vicariously liable for the negligent acts and/or omissions of Defendant Doitte under the doctrine of *respondeat superior*.

16.

As a direct and proximate result of Defendant Doitte's negligence, Plaintiffs have incurred special damages, which include but may not be limited to, past and future medical expenses, lost wages, loss of income, mileage, and other miscellaneous expenses for which Transby, Inc. is vicariously liable.

## NEGLIGENT ENTRUSTMENT

17.

Plaintiffs incorporate by reference, paragraphs 1 through 16 of the Complaint as if re-stated herein.

Copy from re:SearchGA

18.

At the time of the subject collision, Transby, Inc. owned or leased the 2012 Freightliner Conv Coronado 132 operated by Defendant Doitte with the approval, knowledge, consent, and/or authorization of Transby, Inc.

19.

At the time of the subject collision, Defendant Doitte was unqualified, unfit, incompetent, and/or a habitually reckless driver, and should not have been permitted to operate the 2012 Freightliner Conv Coronado 132 involved in the subject collision.

20.

At the time of the subject collision, Transby, Inc. negligently entrusted its Freightliner Conv Coronado 132 to Defendant Doitte with the knowledge that Doitte was unqualified, unfit, incompetent, and/or a habitually reckless driver.

21.

As a direct and proximate result of Transby, Inc.'s negligent entrustment and Defendant Doitte's negligence, Plaintiffs have incurred special damages, which include but may not be limited to, past and future medical expenses, lost wages, loss of income, mileage, and other miscellaneous expenses for which Transby, Inc. is vicariously liable.

22.

As a direct and proximate result of Transby, Inc.'s negligent entrustment and Defendant Doitte's negligence, Plaintiffs have incurred general damages, including pain and suffering, loss of ability to labor, mental anguish, and emotional distress.

Copy from re:SearchGA

## ATTORNEY FEES & EXPENSES

23.

Plaintiffs incorporate by reference, paragraphs 1 through 22 of their Complaint as if restated herein.

24.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

25.

As such, Plaintiffs are entitled to recovery of his reasonable attorney's fees and the expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiffs pray this Court enter judgement against Defendants and grant Plaintiffs the following relief:

(A) That process be issued;

(B) Award Plaintiffs compensatory damages for past, present and future general and special damages;

(C) Award Plaintiffs a recovery of attorney's fees and expenses of litigation; and

(D) Such further relief as the Court deems just and proper.

Respectfully submitted, this __23rd__ day of July, 2021.

*Signature of the following page.*

Copy from re:SearchGA

                THE FRY LAW FIRM

                */s/ Jeffrey G. James*
                JEFFREY G. JAMES
                State Bar of Georgia # 860891
                RANDAL E. FRY
                Georgia Bar No.: 278799
                *Attorneys for Plaintiff*

1720 Peachtree Street, NW
Suite 500
Atlanta, Georgia 30309
(404) 969-1284
(404) 969-1285 fax
Jeff@thefrylawfirm.com
Randy@thefrylawfirm.com

Copy from re:SearchGA